UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL MCCREARY, | CASE NO. C17-0615-JCC |
| Plaintiff, | ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security | |
| Defendant. | |

This matter comes before the Court on Plaintiff's unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. No. 19). Plaintiff's attorney has requested $20,113.13 for his representation of Plaintiff in federal court. (*Id.* at 1.) Defendant does not object to Plaintiff's request. (Dkt. No. 21 at 1.) For the foregoing reasons, the Court GRANTS the motion.

Under § 406(b), a court entering judgment in favor of a Social Security Disability Insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In determining whether to grant a § 406(b) fee request, a court must first ensure that the requested fee is consistent with the contract between the plaintiff and their attorney. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002)).

1   The court must then test the requested fee for reasonableness. *Id.* (citing *Gisbrecht*, 535 U.S. at

2   808). Courts have broad discretion to decide if a fee request is reasonable or to adjust a fee

3   downward if the request is unreasonable. *See Gisbrecht*, 535 U.S. at 808.

4          Here, the request of Plaintiff's attorney is appropriate under § 406(b). Plaintiff is entitled

5   to past-due benefits totaling $80,452.52. (Dkt. No. 19 at 4.) Plaintiff's attorney has requested a

6   fee award of $20,113.13. (*Id.* at 1.) This figure is at the 25 percent statutory cap and is consistent

7   with the 25 percent contingency fee that Plaintiff agreed to pay his attorney. (*See* Dkt. No. 20-1

8   at 1.) And while Plaintiff's attorney requests a somewhat high effective hourly rate of $839.79,[1]

9   that rate is similar to those approved by other courts, *see Shubin v. Colvin*, 2015 WL 233243, slip

10  op. at 2 & n.2 (C.D. Cal. 2015) (observing that courts often approve fees exceeding $1,000 per

11  hour), it properly accounts for the risks involved in Social Security litigation, *see Hayes v. Sec. of*

12  *Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) (observing that effective hourly

13  rates must be higher than normal in Social Security cases given the risks inherent to such cases),

14  and it is reasonable given the effective and efficient representation Plaintiff's attorney provided

15  in this case. Accordingly, the Court GRANTS Plaintiff's motion and ORDERS as follows:

16        1.      Plaintiff's attorney George Andrew Fields is AWARDED an attorney fee of

17                $20,113.13 pursuant to 42 U.S.C. § 406(b);

18        2.      Defendant is DIRECTED to send the award of $20,113.13, minus any applicable

19                processing fees as allowed by statute, to Plaintiff's attorney at the following

20                address: GA Fields, P.O. Box 231024, Sacramento, CA 95823; and

21

22  ---
    [1] Plaintiff's attorney erroneously estimates his effective hourly rate to be $643.87 per hour. (*See*

23  Dkt. No. 19 at 6.) He reaches this estimate by dividing $15,420.84 by the 23.95 hours he spent
    litigating in federal court. (*See id.*) But the proper numerator is $20,111.13, not $15,420.84.

24  $20,111.13 is the amount in fees Plaintiff's attorney stands to receive under 42 U.S.C. § 406(b).
    (*See* Dkt. No. 19 at 1) (requesting "an award of fees . . . in the amount of $20,113.13").

25  Plaintiff's attorney will therefore "net" $20,111.13 even though he is obligated to refund Plaintiff
    the $4,629.29 in attorney fees that Plaintiff's attorney received under the Equal Access to Justice

26  Act ("EAJA"). *See Gisbrecht*, 535 U.S. at 796.

3. On receipt of payment of the fee, Plaintiff's attorney is DIRECTED to refund

Plaintiff any amount of fees Plaintiff's attorney received under the Equal Access

to Justice Act, 28 U.S.C. § 2412.[2]

DATED this 29th day of January 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's attorney appears to ask for the Commissioner to pay him $15,420.84 and to "credit" Plaintiff the $4,692.29 in EAJA fees that Plaintiff's attorney previously received. (*See* Dkt. No. 19 at 3, 7.) The proper procedure, at least in this Court, is for the Commissioner to pay a plaintiff's attorney the full award due under 42 U.S.C. § 406(b) and for the attorney to reimburse their client for whatever the attorney previously received under the EAJA. *See Gisbrecht*, 535 U.S. at 789; *Aue v. Berryhill*, C17-5704-JCC, Dkt. No. 29 at 2 (W.D. Wash. 2019); *Kelly v. Colvin*, C16-0037-JCC, Dkt. No. 27 at 2 (W.D. Wash. 2019).

ORDER
C17-0615-JCC
PAGE - 3